Busigó, Respondent, *v.* Yordán et al., Defendants, Malaret, Appellant.

### Appeal from the District Court of Mayagüez.

No. 957.—Decided May 29, 1913.

Costs—Attorney's Fees—Objections—Deficiency of Record—Presumption.— When the recovery of attorney's fees as costs is objected to in the lower court on the sole ground that such fees are excessive, the objecting party and respondent cannot plead for the first time in the appellate court that the record does not show that the subject-matter exceeded $500 or that the party claiming costs obtained judgment for costs, disbursements and attorney's fees, for the nature of the proceedings in the court below gives rise to the presumption that both of these questions were admitted by the parties.

Id.—Objections to Cost Bill—Attorney Appearing Pro Se.—A district court lacks jurisdiction to consider and decide in a proceeding objecting to a cost bill whether an attorney appearing in his own behalf is entitled to recover his fees from the adverse party as said question should be decided in rendering the final judgment.

Id.—Attorney's Fees—Appeal.—The amount of attorney's fees claimed as costs cannot be determined on appeal when the lower court fixed no amount but only held that an attorney is not entitled to fees when he appears in his own defense.

The facts are stated in the opinion.

*Mr. Augusto Malaret* appeared *pro se.*

*Mr. Herminio Díaz Navarro* for Leonor Busigó.

Mr. Chief Justice Hernández delivered the opinion of the court.

This is an appeal taken from a decision of the District Court of Mayagüez on June 24, 1913, dismissing *in toto* a bill of costs and disbursements presented by Attorney A. Malaret, who appeared in his own behalf in a suit (case No. 2739) brought in the said court by Leonor Busigó Pou against Rosa

Yordán and others to obtain a decree of ownership and nullity. Said bill of costs contains only items of fees of Attorney Malaret amounting to a total of $500.

The transcript of the record filed in this court on appeal consists of the following documents: 1. The bill of costs referred to; 2. Motion objecting thereto; 3. Order of the court in the terms indicated above; 4. Notice of appeal; and, 5. Clerk's certificate attesting said documents.

The plaintiff objects to the bill of costs not on the ground that the costs are not due, but because the amount thereof.— $500—is excessive, and the court in its decision appealed from denied the bill of costs on the ground that the law does not allow fees to an attorney appearing in a suit as his own representative.

In his brief the plaintiff submits arguments tending to support his right to collect fees in his own defense, and adds that the District Court of Mayagüez went beyond the objections raised by the adverse party inasmuch as the latter did not claim that the costs were not due, but only that they were excessive and asked only that they be reduced. Counsel for the plaintiff, besides arguing as to whether the decision appealed from was a proper one, alleges that it is not possible to ascertain from the record whether the appellants obtained judgment for costs, disbursements, and attorney's fees in their favor as against the adverse party, or whether the subject-matter of the complaint exceeded $500.

That allegation, which simply relates to the deficiency of the record, is inadmissible. In view of the nature of the proceedings in the court below, which were limited to determining whether or not Malaret's fees were excessive, it is to be presumed that both parties admitted that judgment had been rendered ordering the plaintiff to pay the fees of the attorney or attorneys representing the other side and that the subject-matter exceeded $500. It was incumbent upon the objecting party to overthrow this presumption and to make the corresponding additions to the record.

In regard to the question voluntarily raised by the court below to the effect that by law no attorney appearing in a suit in his own defense is entitled to fees, we are of the opinion that such a question cannot be considered and decided in proceedings on objections to a bill of costs, disbursements and fees, because if one of the parties to a suit has the right to receive from the defeated party his attorney's fees as well as his costs, that right should be expressly stated also in the judgment, as we said in deciding the case of *Veve* v. *The Municipality of Fajardo,* 18 P. R. R., 738. In deciding that case we held also that in objecting to a bill of costs, disbursements and attorney's fees the right to collect the amounts included therein, when such right has been expressly decreed in a judgment, cannot be disputed, but the objection should be limited to the extent thereof, either that the attorney's fees are excessive or that there are excessive or unlawful items in the costs and disbursements.

Applying this doctrine to the present case, we must hold that the trial court lacked jurisdiction to decide whether an attorney is entitled to recover fees from the adverse party when appearing in his own defense. That question should have been decided in rendering the final judgment by allowing or denying such fees, and the judgment could have been appealed from either in part or in whole.

Neither can this court decide now whether Attorney Malaret's fees are excessive or not as there is not sufficient ground upon which to base an opinion. The trial court did not exercise its discretion on this point, but held that the fees were unlawful, and as it lacked jurisdiction to consider this question in the proceedings on the objections to the costs, it committed manifest error, and therefore is required to consider the importance of the labor and professional skill employed by Attorney Malaret in the case in order to arrive at a determination of the amount which should be allowed him as attorney's fees. See *The Fajardo Development Company* v. *Succession of Morfi,* 17 P. R. R., 1077.

For the foregoing reasons the decision appealed from should be reversed and the lower court should proceed to pass upon the objections to the fees of Attorney Malaret after the due formalities of law have been complied with.

> *Reversed and remanded to the lower court. with instructions to proceed in accordance with the principles laid down in this opinion.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.